### DIRECTOR GENERAL OF RAILROADS v. LEWIS E. SANDS CO., Inc.

(Circuit Court of Appeals, Second Circuit.   February 2, 1921.)

No. 82.

Carriers ⬅85—Held not required in notice under bill of lading to "order notify" to advise consignee of right of inspection.

    Under a bill of lading for a carload shipment to order of consignor with notice to consignee the carrier *held* not required in such notice to advise the consignee of a right of inspection given by the bill of lading.

In Error to the District Court of the United States for the Western District of New York.

Action at law by the Lewis E. Sands Company, Incorporated, against the Director General of Railroads. Judgment for plaintiff, and defendant brings error. Reversed.

Cravath & Henderson, of New York City, and Warren Tubbs, of Buffalo, N. Y., for plaintiff in error.

Ramsdale & Church, of Albion, N. Y. (S. T. Church, of Albion, N. Y., of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. Sands & Co., Incorporated, of Waverly, N. Y., sold a carload of beans to Thomas & Co., of Frederick, Md., to be delivered at Adamstown, Md., "notify Adamstown Canning Co., at Adamstown, state of Maryland." February 18, 1918, they shipped the same at Waverly in Lehigh Valley car 85836 via Baltimore & Ohio Railroad Company, receiving a bill of lading to their own order allowing inspection of the beans and requiring surrender of the bill of lading to the railroad company upon delivery.

On the same day they drew a draft on Thomas & Co., the purchasers, for the price $12,201.75 to the order of the First National Bank of Sayre, Pa., which stated "Car No. Lehigh Valley 85836," and deposited this draft with the bill of lading in the bank. At the same time they sent an invoice to Thomas & Co. by mail, which stated the character and weight of the commodity and that the beans could be inspected on

---

arrival. The bank at Sayre forwarded the draft and bill of lading to the Central Trust Company of Frederick, Md. In the regular course of business Thomas & Co. would pay the amount of the draft to the Trust Company, receiving the bill of lading and upon delivery of it to the Baltimore & Ohio Railroad Company at Adamstown would receive the beans.

The car was destroyed by fire March 16 at 2:30 a. m. when on a siding at Adamstown, used jointly by the Railroad Company and the Canning Company before any delivery was made. The bill of lading contains the following clause:

" * * * For loss, damage, or delay caused by fire occurring after forty-eight hours (exclusive of legal holidays) after notice of the arrival of the property at destination or at port of export (if intended for export) has been duly sent or given, the carrier's liability shall be that of warehouseman only."

After the fire the plaintiff took up the draft and bill of lading from the Central Trust Company, presented their claim for loss of the beans to the Railroad Company, which having been rejected, they brought this suit.

The question contested was whether under the bill of lading the Railroad Company was liable as insurer or as warehouseman and that depended on whether notice of arrival was given to the Canning Company more than 48 hours before the fire. Upon this point there was testimony pro and con, which the trial judge fairly submitted to the jury, which found a verdict for the plaintiff.

We think there was error in answer to the following requests:

The court affirmed the request of the plaintiff:

"That such notice as would start the 48 hours running must be a notice that will enable the consignee or person to be notified to identify the particular car to which the notice applies, so that they may know the consignor, consignee, and person to be notified, and whether there is a right of inspection."

It is the duty of a railroad carrier to notify the consignee of arrival of his goods, and in case of a bill of lading to order of the shipper, or to order of a consignee not at destination, it is usual to provide for notice of arrival to some other person representing the owner. Such other person has been presumably informed by the holder of the bill of lading of the character of the shipment, the name of the consignee, etc.

All that is required of the Railroad Company is to give notice. What is due notice depends upon circumstances. Notice to one in a small town may well differ from notice to a person in a large city. Oral notice may sometimes be sufficient and at others written notice. It seems to us to be exacting too much of a railroad company to require it to state, in addition to the fact of arrival of the goods, such a provision in a bill of lading as that inspection is allowed.

So, the defendant having requested the court to charge:

"That, if they find from the evidence that the Canning Company had actual knowledge on March 13th of the arrival of the car of beans on the joint siding, it was not necessary that notice should be formally given,"

the plaintiff's attorney requested that this instruction must be taken "in connection with what your honor previously charged, that such notice must specify the car, so as to be able to determine the consignor, consignee, and person to be notified, and whether there is a right of inspection."

The court so charged. It is impossible for us to say whether the jury found for the plaintiff on the ground that notice of arrival was not given 48 hours before the fire, or upon the ground that, so given, it was not due notice. because not including a statement of the right of inspection.

We need not consider whether the Railroad Company should have given with the notice of arrival the number of the car, name of consignor, etc., because it plainly appears from the record that the Canning Company had notice of these facts.

The judgment is reversed.